7257

*EX PARTE* DAVIS.

CONDEMNATION—APPEAL—MOTION TO SET ASIDE. VERDICT.—When the verdict of a statutory condemnation jury is filed, either party may appeal, or make a motion to set it aside for defects apparent on its face. Where an amount is agreed to by only ten jurors, the Circuit Court should set it aside on motion. as an apparent defect. That the other two jurors consented to agree to a smaller amount does not warrant the condemning party in accepting the smaller amount as the verdict without the consent of the other party.

Before MEMMINGER, J., Union, February, 1909. Reversed.

Petition in condemnation by R. T. Davis against Union Manufacturing and Power Company. From Circuit order, refusing to set aside verdict, respondent appeals.

*Mr. J. Ashby Sawyer,* for appellant, cites: *There was no verdict:* 14 S. C., 396; 46 S. E., 413; 2 Bail., 354; 24 Pac., 692; 28 Conn., 140; 5 Col., 118; 45 S. E., 348; 56 Col., 493; 65 Pac., 934; 50 N. Y. Supp., 776; 42 At., 228; 57 Pac., 317; 22 Ency. P. & P., 839, 859; 6 A. & E. Ann. Cas., 457.

*Messrs. Wallace & Barron,* contra, cite: *Unanimous verdict not necessary:* 7 Ency. P. & P., 581; 57 S. C., 171. *Evidence need not be taken in writing:* 7 Ency. P. & P., 581, n. 2 and 3. *Compensation for present and future damages should be included:* Code 1902, 2190; 10 Ency., 1173; 17 S. C., 580; 7 Ency. P. & P., 577; 17 S. C., 580. *Petitioner's remedy is by appeal:* Code 1902, sec. 2191; 58 S. C., 560; art. IX, sec. 20.

July 21, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from the following order of his Honor, the Circuit Judge: "This was a

proceeding to assess compensation for land taken, and special damages caused by the flowing back of water in the channel of Broad river and the tributaries thereof by the respondent, by means of a dam constructed across said river at Neal's Shoals. The question of right to the compensation having been settled in the case of the Union Manufacturing and Power Company, plaintiff, against R. T. Davis, defendant, and the injunction restraining the petitioner and clerk from proceeding under the statute having been set aside, under notice duly given, the clerk proceeded to impanel a jury under the statute to assess the compensation. Under these proceedings the jury made and returned an assessment. The respondent, under various grounds served upon the petitioner with notice, moved this Court for an order declaring the papers, together with all the proceedings had thereupon or thereunder, to be null and void and of no effect, and requiring the clerk of Court to cancel the same. After hearing counsel for and against the motion,

"Ordered that the motion be, and hereby is, refused, upon the ground that the remedy for any errors or irregularities under the statute is by appeal to the Circuit Court; which appeal was in fact taken at the same time this motion was noticed, and substantially upon the same grounds."

One of the grounds upon which the motion was made was: "Because the paper returned by the jury to the clerk of Court is null and void and of no effect whatever, and can not be received as a verdict of the jury for the reason that the said jury never agreed upon an amount or a verdict; the paper returned as such only being signed by ten of the jury, the other two stating that they refused to agree thereto."

The form of the verdict was as follows: "We find for the plaintiff, R. T. Davis, as his compensation for damages, forty-five hundred dollars.

"M. B. Meador, foreman; R. T. Jenkins, his (X) mark; B. J. Jenkins, his (X) mark; W. T. Stokes, Sr.; W. F. Carter, W. T. McDaniel, R. A. Kitchens, W. C. Johns, J. C. Croker, L. F. Ivey.

"Two jurors, D. J. Gregory and Samuel Gregory, refused to sign, but are willing to agree to a verdict of four thousand dollars.   D. J. Gregory, Samuel Gregory."

On the day notice of said motion was served on the petitioner he served a notice on the respondent, in substance, that if, upon hearing the said appeal, the Court should hold that there must be a unanimity in the assessment of the amount of compensation by the jurors he would waive the surplus five hundred dollars, assessed by the ten jurors, over the amount assessed by the said jurors, and consented to accept the sum of four thousand dollars as his compensation and damage, and in full satisfaction of his demands.

Section 2191 provides as follows: "From the verdict so rendered it shall be the right of either party to appeal to the first term of the Circuit Court next ensuing in the county, giving to the opposite party fifteen days' notice of such intended appeal, with the grounds thereof; and upon the hearing of such appeal, if the Court shall be satisfied of the reasonable sufficiency of the grounds, an issue shall be ordered, in which the appellant shall be the actor, and the question of compensation shall be thereupon submitted to a jury in open court, whose verdict shall be final and conclusive, unless a new trial shall be ordered by the Supreme Court."

When the paper purporting to be the verdict of the jury was filed the appellant had the right to proceed by appeal under the statute, and urge its objections to the validity of the verdict, or to make a motion to set aside the verdict, on the ground of defects apparent upon the face thereof, which rendered it a nullity, as the motion was incidental, and the tendency was merely to expedite the hearing of the proceedings upon the merits.

His Honor, the Circuit Judge, erred in not granting the motion to set aside the verdict for defects apparent upon the face thereof, for the reason that the statute contemplated an unanimous verdict.

The offer of the petitioner to accept $4,000 in satisfaction of the verdict, signed by ten of the jurors for $4,500, did not have the effect of curing the defects, as there was not such a verdict as was contemplated by the statute.

In the absence of a valid verdict, the offer to accept $4,000 in satisfaction could only be made effective by consent of the other party to the proceedings.

As the Circuit Judge did not pass upon the other grounds upon which the motion was made, they are not properly before this Court for consideration.

The order of the Circuit Court is reversed.